# LIZ EMANUEL BREWER
ATTORNEY AT LAW

(214) 253-9153
liz@lizbrewerlaw.com

3300 OAK LAWN AVENUE, SUITE 700, DALLAS, TEXAS 75219

January 15, 2025

**Via ECF**

Layle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70310

Re:   Letter pursuant to Fed. R. App. P. 28(j)
      *United States v. Ahmed Abdalla Allam*, No. 24-40065
      <u>Oral argument tentatively scheduled for week of Feb. 24, 2025</u>

Dear Mr. Cayce:

The recent decision in *United States v. Daniels*, __F.4th__, No. 22-60596, 2025 WL 33402 (5th Cir. Jan. 6, 2025) reaffirms this Court's "piecemeal approach" to "determining the contours of acceptable prosecutions" under 18 U.S.C. § 922. *Id.* at *8. A few aspects of that decision are particularly notable.

First, *Daniels* confirms that the Government only meets its "heavy burden" by "finding and explicating historical precursors" that share <u>both</u> a common "why" <u>and</u> "how." *Id.* at *3 (citing *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024)). And historical evidence is limited by the principle of party presentation. *Id.* at *7. That belies the Government's suggestion that it can prevail based on dicta or laws discussed in other cases. *See* Gov't Br. 13-19.

Second, *Daniels* underscores that a statute's broad "temporal nexus" is constitutionally problematic if the historical analogues prescribed a narrower one. While history provided "*some* support for banning individuals from carrying arms *while actively intoxicated*," § 922(g)(3) disarmed Daniels even if he had not used marihuana "for several weeks," and thus failed this Court's thorough "comparable burden" analysis. 2025 WL 33402, at *5 (emphasis added).

That reasoning undermines the Government's analogues for § 922(q)(2)(A). Even if it *did* establish a sufficient tradition of disarmament near polling places <u>on election days</u> (a point Appellant ardently contests), § 922(q)(2)(A)—by disarming Allam on Sunday evening when no school activity was taking place[1]—imposed a far greater burden than that tradition supports. *See* Br. 60-63. And the few nineteenth-century bans on concealed carry *in* "school rooms" by definition applied only when persons were actually in a school. *See* ROA.373-78.

Ultimately, the Court once again declined to give the kind of "blanket deference to [Congress]" that the Government asks for here. *Daniels*, 2025 WL 33402, at *8 n.15.

Respectfully submitted,

*/s/ Elizabeth Emanuel*
ELIZABETH EMANUEL
*Attorney for Appellant*

---

[1] *Contra* Gov't Br. 39-40. Contrary to its assertion, the Government did not allege—and Allam did not admit—that he possessed a firearm while school was in session. *See* ROA.390-93. *Daniels* emphasizes that the only relevant facts in an as-applied challenge are those *necessarily* found in order to convict. 2025 WL 33402, at *5-6.

# CERTIFICATE OF SERVICE

I certify that on January 15, 2025, the foregoing letter was electronically filed using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

*/s/ Elizabeth Emanuel*
ELIZABETH EMANUEL

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 28(j) because the body of the letter contains 350 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Century Schoolbook font.

*/s/ Elizabeth Emanuel*
ELIZABETH EMANUEL
