# LIZ EMANUEL BREWER
### ATTORNEY AT LAW

(214) 253-9153
liz@lizbrewerlaw.com

3300 OAK LAWN AVENUE, SUITE 700, DALLAS, TEXAS 75219

March 4, 2025

**Via ECF**

Layle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70310

Re:  Letter pursuant to Fed. R. App. P. 28(j)
 *United States v. Ahmed Abdalla Allam*, No. 24-40065
 Oral argument scheduled for March 6, 2025

Dear Mr. Cayce:

Appellant respectfully submits for the Court's consideration the following additional authorities, which have come to counsel's attention in preparation for Thursday's oral argument hearing.

First, this Court, along with two other Circuits, has observed that founding-era university resolutions prohibiting students from possessing guns on campus are not persuasive authority on the scope of the Second Amendment because universities "had heightened authority over student conduct *in loco parentis.*" *Reese v. ATF*, 127 F.4th 583, 596 (5th Cir. 2025); *see also Worth v. Jacobson*, 108 F.4th 677 (8th Cir. 2024) ("These school procedural rules are not laws subject to constitutional limitations. . . [and] are not persuasive sources to discern the constitutional rights of its students."); *Lara v. Commissioner*, 125 F.4th 428, 450-51 (3d. Cir. 2025) (determining university's authority "was not predicated on or justified by

the student's presence at a sensitive location," but from standing *in loco parentis*).

*Reese* also reiterates this Court's position that a "tradition" arising in the Reconstruction-era or late-19th century is not sufficient under *Bruen*. 127 F.4th at 599-600; *see also United States v. Connelly*, 117 F.4th 269, 281 (5th Cir. 2024). Such belated laws are only relevant to the extent they "confirm and reinforce earlier historical evidence contemporaneous with the Constitution's ratification." *Reese*, 127 F.4th at 600. If "relevantly similar" laws passed in twenty-two jurisdictions between 1856 and 1897 (65-106 years post-Ratification) were insufficient for this Court to uphold a purchase ban for adults under twenty-one, *id.* at 599-600, it is difficult to imagine how the *far-less-similar* laws passed in just nine jurisdictions (including two Western Territories) between 1870 and 1927 (79-136 years post-Ratification), *see* Gov't Br. 22-26, could satisfy the Government's "heavy burden" here.

Finally, a state appellate court decision illustrates that—even assuming a sufficient tradition of prohibiting firearms in schools or on campuses—locations adjacent to schools (or even "part of campus") are likely not "sensitive" when they are regularly accessed by the general public. *State v. Radomski*, 901 S.E.2d 908, 913-15 (N.C. App. 2024) (gun ban in UNC hospital parking lot violated patient's Second Amendment rights), *disc. rev. denied*, 904 S.E.2d 542.

                              Respectfully submitted,

                              */s/ Elizabeth Emanuel*
                              ELIZABETH EMANUEL
                              *Attorney for Appellant*

## CERTIFICATE OF SERVICE

I certify that on March 4, 2025, the foregoing letter was electronically filed using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

*/s/ Elizabeth Emanuel*
ELIZABETH EMANUEL

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 28(j) because the body of the letter contains 350 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Century Schoolbook font.

*/s/ Elizabeth Emanuel*
ELIZABETH EMANUEL