

U.S. Department of Justice

Criminal Division

950 Pennsylvania Avenue N.W., Room 1252
Washington, DC 20530-0001
Tel: (202) 307-1982

March 5, 2025

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:   *United States v. Ahmed Abdalla Allam.*, No. 24-40065
            Oral argument scheduled for March 6, 2025

Dear Mr. Cayce,

    Allam contends that *Reese v. ATF*, 127 F.4th 538 (5th Cir. 2025), and two sister circuit decisions have disclaimed university firearm restrictions in Second Amendment cases. 3/4 Ltr. 1 (citing *Reese*, *Worth v. Jacobson*, 108 F.4th 677 (8th Cir. 2024), and *Lara v. Comm'r*, 125 F.4th 428, 450-51 (3d Cir. 2025) (Restrepo, J., dissenting)). But they did so in cases assessing the constitutionality of firearm prohibitions on 18-to-20-year-olds, not sensitive-place restrictions like 18 U.S.C. § 922(q)(2)(A). Even assuming university restrictions are an improper analogue for Section 922(q)(2)(A)'s school-zone limitation, two other bodies of historical evidence—laws prohibiting firearms in schools and laws restricting firearms around sensitive places—justify the statute's limitation on firearms in school zones. Gov't Br 22-26; ROA.383-386; *see Maryland Shall Issue, Inc. v. Montgomery Cnty.*, 680 F. Supp. 3d 567, 589-592 (D. Md. 2023) (upholding buffer-zone law based on 1892 Mississippi law prohibiting students from carrying firearm within two miles of schools, post-founding laws prohibiting firearms within 50-100 yards of parks, and post-founding laws prohibiting firearms around polling places).

    *Reese* does not undermine reference to post-founding analogues in this case. *But see* 3/4 Ltr. 2. *Bruen* sanctioned reliance on post-founding regulations to justify

location-based firearm restrictions. *NYSRPA v. Bruen*, 597 U.S. 1, 30 (2024); *Wolford v. Lopez*, 116 F.4th 959, 979-80 (9th Cir. 2024). *Reese*'s contrary reasoning was premised on its determination that post-founding laws disarming 18-to-20-year-olds were inconsistent with evidence reflecting a founding-era tradition of arming young Americans. *Reese*, 127 F.4th at 599-600. There is no analogous founding-era tradition here. *See Wolford*, 116 F.4th at 979-80.

Finally, *State v. Radomski*, 901 S.E.2d 908, 914 (N.C. App. 2024), is inapposite. *Radomski* invalidated a North Carolina statute prohibiting firearm possession on educational property as applied to someone who left an unloaded rifle in a hospital parking lot. The court reserved on the question whether the statute would be constitutional in a "gun-free school zone." *Id*. (citation and alterations omitted). *Radomski* does not resolve a case like this one, where Allam possessed a semi-automatic rifle and 150 rounds of ammunition within 50 feet of a school.

                                            Respectfully submitted,

                                            /s/ Mahogane D. Reed
                                            MAHOGANE D. REED
                                            *Counsel for the United States*

## CERTIFICATE OF COMPLIANCE

1.      This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j), because the body of this letter contains 350 words.

2.      This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Times New Roman.

/s/ Mahogane D. Reed
Mahogane D. Reed

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Mahogane D. Reed
Mahogane D. Reed
